IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELA SANDERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-455-WKW |
| | ) | [WO] |
| CREEK CASINO MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Sanderford brought suit against her employer, Defendant Creek Casino of Montgomery, after she was injured on the job.  Defendant moved to dismiss on the basis of tribal sovereign immunity.  (Doc. # 5.)  Plaintiff responded (Doc. # 11), and Defendant replied (Doc. # 12).  After careful consideration of the arguments of counsel and the relevant law, the motion is due to be granted.

## I.  JURISDICTION AND VENUE

The parties do not contest personal jurisdiction or venue, and allegations adequately support both.  Subject matter jurisdiction is discussed below.

## II.  FACTUAL BACKGROUND

Plaintiff injured her right knee while working as a cocktail waitress at Creek Casino in Montgomery, Alabama.  (Compl. ¶¶ 4–5 (Doc. # 1).)  Plaintiff brought suit

alleging Defendant refused to pay workers' compensation benefits[1] in violation of

Alabama Law. (Compl. ¶¶ 9–11.) Plaintiff further alleged that Defendant wrongfully

terminated her employment because she sought workers' compensation benefits.

(Compl. ¶ 3.)

### III.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or

a facial attack to jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond*

*Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  In a facial attack, the court examines

whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction."

*Id.*  As when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim,

on a Rule 12(b)(1) facial attack the court construes the complaint in the light most

favorable to the plaintiff and accepts all well-pleaded facts in the complaint as true.

*Id.*

The plaintiff bears "the burden of establishing, by a preponderance of the

evidence, facts supporting the existence of federal jurisdiction."  *Underwriters at*

---

[1] Plaintiff's complaint also includes a count alleging that Defendant "failed to pay all disability benefits incurred by" Plaintiff. (Compl. ¶ 15.)  She cites no statute entitling her to disability benefits and provides no other information on her "disability" claim.  "[O]ne of the cardinal purposes" of workers' compensation law is compensating an injured employee in the event of "disability and lost wages" caused by an on-the-job injury.  *Tucker v. Molden*, 761 So. 2d 996, 998 (Ala. 2000).  The court, therefore, will treat her disability benefits claim as part of her workers' compensation claim.

*Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Defendant facially attacks the complaint on the basis of sovereign immunity.

## IV.  DISCUSSION

The court lacks subject matter jurisdiction over Plaintiff's complaint because the Poarch Band of Creek Indians ("the Tribe") enjoys tribal sovereign immunity.[2] Indian tribes enjoy immunity from suit akin to that enjoyed by other sovereign powers.  *See Furry v. Miccosukee Tribe of Indians of Fla.*, 685 F.3d 1224, 1228 (11th Cir. 2012) ("Tribal sovereign immunity is a jurisdictional issue.").  Like states, Indian tribes are subject to suit only where Congress has abrogated their immunity and authorized suit, or where the tribe itself has waived immunity.  *Kiowa Tribe v. Mfg. Techs. Inc.*, 523 U.S. 751, 754 (1998); *Freemanville Water Sys., Inc. v. Poarch Band of Creek Indians*, 563 F.3d 1205, 1208 (11th Cir. 2009).  Where applicable, tribal sovereign immunity "bars action against tribes regardless of the type of relief sought." *Freemanville Water Sys., Inc.*, 563 F.3d at 1208.  Because Congress has neither abrogated the Tribe's sovereign immunity against Plaintiff's claims nor has Defendant waived it, this court lacks jurisdiction to hear Plaintiff's claim.

---

[2] The bar imposed by tribal sovereign immunity is not the complaint's only deficiency with respect to the court's jurisdiction.  Plaintiff also ignores the mandate of Rule 8 that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).

As a threshold issue, Defendant Creek Casino is indistinguishable from the Tribe for the purposes of tribal sovereign immunity. The Tribe is a federally recognized Indian Tribe and enjoys sovereign immunity absent Congressional abrogation or waiver. *Id.* at 1206. Defendant is a gaming operation wholly owned and operated by the Tribe. Poarch Band of Cr. Ind. Code § 20-1-1(d). It exists to fund and support, among other things, the Tribe's "operations or programs," the "general welfare of the Tribe and its members," and "economic development." Poarch Band of Cr. Ind. Code § 20-1-1(c). Plaintiff's response to Defendant's motion to dismiss acknowledges that to whatever extent the Tribe is immune, that immunity extends to its Casino. Accordingly, the court will treat the Tribe and the Casino as one and the same for immunity purposes.

## A.    Workers' Compensation

Defendant is not subject to suit for violations of Alabama's workers' compensation laws.[3] First, the Alabama Legislature has not, nor could it, abrogate the Tribe's sovereign immunity. Only Congress may do so. *Freemanville Water Sys., Inc.*, 563 F.3d at 1208. To allow Alabama's legislature to abrogate an Indian tribe's

---

[3] It is unnecessary to decide whether the Tribe is subject to Alabama's workers' compensation laws, as opposed to subject to suit for violations thereof. A tribe may maintain its immunity from suit though state or federal law governs its conduct. *Furry*, 685 F.3d at 1232; *see also Fla. Paraplegic Ass'n, Inc. v. Miccosukee Tribe of Indians*, 166 F.3d 1126, 1131–1132 (11th Cir. 1999) (holding that while the Americans with Disabilities Act applies to Indian tribes, tribes are not subject to suit by private individuals for violations thereof).

immunity would be akin to allowing Georgia's legislature to abrogate Alabama's Eleventh Amendment immunity. Such a possibility offends the very nature of sovereign immunity. Second, Plaintiff points to – and the court has found – no Congressional abrogation of tribal sovereign immunity for workers' compensation claims.

Absent Congressional abrogation of sovereign immunity, Plaintiff may only succeed if the Tribe has waived its sovereign immunity. It has not. In its workers' compensation ordinance, the Tribe expressly reserves "its immunity from suit in state or federal court, or any other state or federal forum," Poarch Band Cr. Ind. Code § 34-1-6(b), while providing for its own comprehensive workers' compensation system covering all employees of the tribe. *Id.* at § 34-1-3. Claims under the workers' compensation ordinance are the exclusive remedy for employees injured or killed in the course of their employment. *Id.* at § 34-1-5; *see also id.* at § 34-1-6(b) ("Worker's compensation claims against the Tribe may be pursued solely through this Ordinance.").

Additionally, Plaintiff's argument that Defendant waived its sovereign immunity "by maintaining insurance coverage" (Doc. # 11 at 4) is without merit. A tribe must unequivocally express its intention to waive sovereign immunity; it cannot impliedly waive sovereign immunity by its conduct. *Furry*, 685 F.3d at 1234.

**B.** **Wrongful Termination**

Plaintiff's claim for wrongful termination alleges that Defendant violated Alabama law when it fired her because she sought workers' compensation benefits. (*See* Compl. ¶ 3 (citing Ala. Code § 25-5-11.1).)  It is likely this would fall under the rubric of a workers' compensation claim, making the above analysis applicable.  If not, the court still lacks jurisdiction.  As with workers' compensation claims, no authority supports the proposition that Congress has abrogated tribal sovereign immunity from suits alleging wrongful or retaliatory termination.  Nor has the Tribe waived its immunity from suit.

Like its comprehensive system for workers' compensation claims, the Tribal Code also includes a Tribal Employment Rights Ordinance ("TERO").  Poarch Band Cr. Ind. Code §§ 33-1-1– 33-8-10.  Among other forms of discrimination, the TERO prohibits retaliatory employment action taken against an individual who "files a complaint or attempts to enforce his or her rights under this ordinance or under any other tribal or applicable federal law."  *Id.* at § 33-4-4(c)(1).  The TERO provides the exclusive remedy for an employee seeking to enforce violations of the TERO.  *See id.* at § 33-8-1–10 (setting out the comprehensive system for complaints under and enforcement of the TERO).  And like the workers' compensation ordinance, the TERO expressly reserves the Tribe's immunity "from unconsented lawsuits."  *Id.* at

§ 33-8-9.  The Tribe does grant a limited waiver of sovereign immunity, but only for

suits brought in the Tribe's Tribal Court.  *Id.*  Thus, the tribe has not waived its

immunity in federal court.

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendant's motion (Doc. # 5) is

GRANTED.  Plaintiff's complaint is DISMISSED with prejudice.  It is further

ORDERED that Plaintiff's motion to employ an attorney (Doc. # 2) is DENIED as

moot.  Plaintiff may, and indeed did, employ an attorney without order of the court.

A separate final judgment will issue.

DONE this 10th day of January, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE